# 7639

No. 7639.

Poitevent & Favre Lumber Company.

—vs—

W. H. Ward, doing business as the Algiers Saw & Plain-
-ing Mill.

By Dinkelspiel. J.

126

This controvery aries substantially out of the
following facts;

Plaintiff, a cotporation doing business and dom-
-iciled in Mandeville, in this State, represents,
that defendant, doing business in the name of the
Algiers Saw and Plaining Mill, in this City, is
justly and truly indebted to plaintiff in the
full sum of $538.31., representing the value of
a car load of "heart face lumber", amounting
approximately to 16.157 ft. of xxxx 1.¼ X 6".
This lumber was shipped on or about October, 27th.
1915, being in fulfillment of an order which
plaintiff received throught one R. H. Hackney,
a recrusentative saleman of the Pointevent &
Favre Lumber Company, but without authority to
accept contracts of this character which would
be binding upon plaintiff without first submit-
-ting same to them for fxx ratification or rejec-
-tion.

When the order in question was sent to plain-
tiff for ratification, the sale called for "all
heart lumber", but was interpreted by plaintiif
to mean "heart face lumber", which quantity of
lumber was forthwith shipped to defendant and
was invoiced under that description; but defen-
-dant appears to have paid no attention to the
invoice, unloaded the car and stored the lumber
in their yard without making any complaint, at
the time, that the lumber was not satisfactory
or that it was not up to specification.

Defendant answered, that the order given by
them to Hackney was in writ ng and addressed to
the Pointevent & Favre Lumber Company

127

and that same called for one car, 15.000 ft. 1.¼ x 6"", all heart long leaf yellow pine, 80 % for knots, @ $23. per M. ft. f. o. b. cars N. O., one car, 5.000. ft. 1 x 12", prime long leaf yellow pine @ $26. per M. ft. f. o. b. cars N.O. one car, 16.000. ft. 1 x 4 & 1 x 6, cypress x strips, to average not less than 14 ft. each length, free of knots, splits and waine, price $13. per M. ft. f. o. b., cars N. O.; that this order was accepted by said R. H. Hackney for the Pointevent & Favre Lumber Company, as their agent, but only one car of lumber containing 16.157 ft. x of pine of which approximately 40% was up to grade in accordance with the contract and the balance was below grade ordered, same being ("heart face" and being 'C'and grade lumber, was received by them..

Defendant reconvened and claimed damages in reconvention in the sum of $ 643.00.- $ 500.00. in globo for damages for loss of business and $142.00. for difference in the price of lumber shipped.

It is uterly impossible to reconsile the testimony in this case. Hackney, in our estimation of the evidence, had no authority without consent of his principal to do anything but solicit orders, forward same to them for confirmation or rejection, while in this particular case the mill accepted the order of the one car which they shipped; they notified defendant through Hackney , both by correspondence and phone, of their inability to accept the orders for the other two cars.

The evidence further convinces us, that when defendants notified plaintiffs that the lumber shipped was unsatisfactory to them, plaintiffs were prepared to take same back and reimburse defendant for the freight which amounted to $ 43.40., which had been paid out on this car by the defendant, and according to two letters, dated November, 26th. 1915, one of which contained instructions to Hackney as to what was to be done with the car of lumber after same had been turned over to him by defendant. The other addressed to the Algiers Saw and Plaining Mill, authoriz--ing them to turn over said car to Hackney. Def--endat had every opertunity to return the car and escape liability therefor. Defendant, however, stating setting up the fact thatatheir order as given to Hackney ., had not been completed, freight paid by them had not been adjusted, refused to give up the lumber, all of which was then and is still in their possession and on account of which nothing has ever been paid, hence this suit.

We donot believe the defendant had a valid contract for the lumber which is claimed by them in their reconventional demand. There being no proof in the record on the part of defendant which sus--tained their allegation that Hackney was author--ized to enter into a contract of sale of this character, had the right to make such a contract with them in this case same never having been confirmed by plaintiff.

On the other hand, Hackney swears positively that he never made such a contract; he never had the authority to do so; his authority being solely

129

limited to soliciting orders for plaintiff and
thereafter transmitting  them either for accept-
ance or rejection, and plaintiffs having declined
to accept the orders for the two cars, and only
one shipped by them, having notified that fact
to defendant, as herein above stated, their re-
conventional demand must fail, even had same been
set out with that detail and certainty which under
the ruling of our Supreme Court in the case of
Townsend -v- Fontenot, Sheriff, et. al,47 Ann.
890 - 894, it should have done. Nor, do we think
that plaintiff would have been bound to have submit-
-ted the question in dispute to arbitration, even
though it had been proven on the trial of this
case that such was the custom in the lumber bus-
iness.

This question was decided in the case of
Saint -v- Martell, 137 La. p. 74, the Syllabus
reading; " An agreement to refer, for final
determination, differences to arise in the
future to arbitrators or amicable compounders,
is not susceptable to specific enforcement, but
is dependant for its execution on the will of
the parties; since the Court will not, in such
case, compel the persons to appoint arbitrators
or amicable compounders, or otherwise enforce
with regard to matters to arise in the future
agreements whereby persons undertake, to close
the doors of the Courts upon themselves."
                              written
The District Judge, in his/reasons, for
judgment says; " The defendant having received
the shipment and having retained same is liable
for the value thereof, 40 % thereof or 6462 feet,

130

( all heart) and worth $ 148.62, allowing the price as set down in the order. The balance according to the testimony was of defendants was worth $5.00. less or $18.00, per thousand or $ 174.51, making the total value of the car of lumber $ 333.13; deducting from this freight charges paid by defendants amounting to $43.40, making the value of the car of lumber $ 276.13.

The authorities quoted by defendant and reconvenor are not applicable in this case, because having decided that Hackney was not the authorized agent to sell, same in out opinion do not apply in this case. But in the calculation of the District Judge he has made a slight error as will be shown by deducting $43.40. which was freight paid, from the amount of the invoices found to be due, $333.13, faundxtaxbaxdun total value of the car of lumber, leaves a balance of $ 279.73 for which the defendants herein are liable.

For the reasons herein assigned, it is ordered, adjudged and decreed, that the judgment of the lower Court be amended so as to allow plaintiff $ 279.73, with legal interest from judicial demand until paid; that same in all other respects be affirmed with costs to be paid by defendant in both Courts.

-Judgment amended and Affirmed-